**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Frank Mayer**
**Claimant Below, Petitioner**

**v.)**  **No. 25-576**   (JCN: 2023021874)
(ICA No. 24-ICA-462)

**City of Clarksburg**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank Mayer appeals the June 27, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Mayer v. City of Clarksburg*, No. 24-ICA-462, 2025 WL 1780567 (W. Va. Ct. App. Jun. 27, 2025) (memorandum decision). Respondent City of Clarksburg filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 30, 2024, order of the Workers' Compensation Board of Review which affirmed the April 23, 2024, claim administrator's order denying authorization for a right reverse total shoulder arthroplasty.

On appeal, the claimant asserts that the ICA and Board of Review were clearly wrong in finding that the request for a right reverse total shoulder arthroplasty was not medically related and reasonably required medical treatment for the compensable injury. The claimant contends that the fall that he sustained on May 24, 2023, caused new discrete injuries not previously noted in his medical history. Joshua Sykes, M.D., the claimant's physician, opined that the claimant developed worsened symptoms in his right shoulder as a result of his compensable work injury and recommended that a reversal total arthroplasty would provide the claimant the best opportunity to regain the full function of his right shoulder, which he previously enjoyed. The claimant argues that his current symptoms and limitations began on May 24, 2023, which suggests a natural inference of causation under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022). The employer counters by arguing that the claimant has a history of unrepaired rotator cuff tear in the right shoulder dating back to 2003, along with evidence of severe degeneration of the shoulder. As such, the employer argues that the petition for appeal should be denied because the claimant has failed to establish that his need for right shoulder arthroplasty is related to the compensable incident, and the ICA's memorandum decision should be affirmed.

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel James W. Heslep.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 21, 2026**

**CONCURRED IN BY:**
Chief Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

**DISSENTING:**
Justice William R. Wooton

WOOTON, Justice, dissenting:

I respectfully dissent, as I believe this case should have been placed on the Court's Rule 19 docket for oral argument and an in-depth review of the medical evidence.

The Board of Review's determination that the shoulder pain and related limitations experienced by Frank Mayer ("the claimant") were wholly unrelated to his May 24, 2023, work-related injury was based on the Board's finding that he "had a preexisting irreversible right rotator cuff tear first documented in 2003." *See Mayer v. City of Clarksburg*, No. 24-ICA-462, 2025 WL 1780567, at *3 (W. Va. Ct. App. June 27, 2025) (memorandum decision). This fact was undisputed. However, also undisputed was the claimant's testimony that the 2003 tear, which did not require treatment and/or surgery at the time,[2] was wholly asymptomatic for the next twenty years – asymptomatic until May 24, 2023, when he sustained an injury to his right shoulder that was found compensable for strain of muscle, fascia, and tendon.

Under these circumstances, it simply beggars belief that the claimant's 2003 rotator cuff tear coincidentally became symptomatic on the very day he sustained a shoulder injury at work two decades later. After twenty years during which he experienced no pain and required no treatment for the preexisting condition, surely he was entitled to the presumption established by this Court in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022): "A

---

[2] The claimant received physical therapy for some shoulder-related issues in the late 1990's; these issues appear to be unrelated to the 2003 rotator cuff tear and were not cited as a basis for the Board of Review's decision.

2

claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." 247 W. Va. at 294, 879 S.E.2d at 781, Syl. Pt. 5, in part. In my view, this case presents a classic case of a "new injury resulting from the aggravation of the preexisting injury[,]" *see Gill v. City of Charleston*, 236 W. Va. 737, 746, 783 S.E.2d 857, 866 (2016), necessitating the surgery recommended by his treating physician to provide the claimant the best opportunity to regain the full function of his right shoulder, which he had previously enjoyed.

I am mindful of the limited scope of appellate review in workers' compensation cases; nonetheless, a fair review of the appendix record, including the unrebutted testimony of the claimant, compels the conclusion that at the least, this case falls under the provisions of West Virginia Code section 23-4-1g, which provides, in relevant part that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

For these reasons, I respectfully dissent.